**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| AMY KELLY, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:23-cv-00045 |
| vs. | ) | |
| | ) | **DEFENDANTS' NOTICE OF** |
| ADM MILLING CO, a foreign corporation, | ) | **REMOVAL** |
| ARCHER-DANIELS-MIDLAND | ) | |
| COMPANY, a foreign corporation, BRIAN | ) | |
| COCHRAN, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants ADM Milling Co., Archer-Daniels-Midland Company (collectively, "ADM")

and Brian Cochran hereby remove this action under 28 U.S.C. §§ 1332, 1441, and 1446, from the

District Court for Lee County, Iowa, to the United States District Court for the Southern District

of Iowa. In support of removal, Defendants state as follows:

## I.    THE STATE COURT ACTION

1.      Plaintiff Amy Kelly commenced this action on March 23, 2023, by filing a Petition

in the District Court for Lee County, Iowa, captioned *Amy Kelly vs. ADM Milling Co., Archer-*

*Daniels-Midland Company, and Brian Cochran*, Case No. LALA006695 (the "State Court

Action").

2.      Counsel for Defendants executed a waiver accepting service of the Summons and

Complaint on all Defendants effective June 20, 2023.

3.      This Notice of Removal is timely because it is filed within 30 days of service on

Defendants. *See* 28 U.S.C. § 1446(b).

4.      No motions are currently pending in the State Court Action.

5.     By removing this action, Defendants do not waive any defenses or objections that it may have, including but not limited to sufficiency of process, service of process, and personal jurisdiction.

6.     In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders served on Defendants and filed in the State Court Action are attached as Exhibit A.

## II.     JURISDICTION AND VENUE

7.     This is a civil action over which this Court has original jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a).

8.     Venue is proper in this Court because the case was originally filed in the District Court for Lee County, Iowa, which is within this judicial district. 28 U.S.C. §§ 95(b)(2), 1441(a), and 1446(a); Local Rule 3(b).

### A.     The Parties are Completely Diverse

9.     Diversity jurisdiction requires complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Junk v. Terminix Int'l Co.*, 628 F. 3d 439, 445 (8th Cir. 2010).

10.     Diversity of citizenship must exist both when the state court petition is filed and when the notice of removal is filed. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011); *Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

11.     For diversity purposes, "the terms 'domicile' and 'citizenship' are synonymous" and mean the State where an individual is physically present and intends to make his or her home indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "The place where a [person] lives

is properly taken to be [the] domicile until facts adduced establish the contrary." *D.C. v. Murphy*, 314 U.S. 441, 455 (1941).

12.     Plaintiff states she resides in Lee County, Iowa. Petition, ¶ 1. Accordingly, Plaintiff is a citizen of Iowa for purposes of diversity jurisdiction.

13.     Defendant Cochran resides in Illinois. *See* Declaration of Brian Cochran ("Cochran Decl."), attached hereto as Exhibit B, at ¶¶ 2-3. He has lived in Illinois his entire life, has an Illinois driver's license, and intends to reside in Illinois indefinitely. *Id.* at ¶¶ 3-5. Accordingly, Defendant Cochran is not a citizen of Iowa.

14.     A corporation is a citizen of the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

15.     The principal place of business, for purposes of federal diversity jurisdiction, means the place where the cardinal activities of business take place. This includes activities such as high-level planning, directing, and coordinating corporate strategy and daily activities. *Hertz Corp. v. Friend et al.,* 559 U.S. 77 (2010).

16.     Defendant ADM Milling Co. is incorporated under the laws of Minnesota and has its principal place of business in Illinois. *See* Declaration of Mary Kay Cunningham ("Cunningham Decl."), attached hereto as Exhibit C, at ¶¶ 3, 5. Accordingly, Defendant ADM Milling Co. is not a citizen of Iowa.

17.     Defendant Archer-Daniels-Midland Company is incorporated under the laws of Delaware and has its principal place of business in Illinois. *See* Exhibit C, Cunningham Decl., at ¶¶ 4-5. Accordingly, Defendant Archer-Daniels-Midland Company is not a citizen of Iowa.

18.     Because no defendant is a citizen of Iowa, and no defendant was a citizen of Iowa at the time the Iowa District Court action was filed, the parties are completely diverse.

**B.      The Amount in Controversy Exceeds $75,000.**

19.      Diversity jurisdiction also requires that the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

20.      The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.00. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

21.      Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

22.      Defendants need only establish by a preponderance of the evidence that Plaintiff could stand to recover over $75,000 if she were to prevail, not that Plaintiff would definitely be awarded more than that amount. *See Kopp*, 280 F.3d at 885; *see also Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011). Once Defendants have satisfied this burden, Plaintiff may defeat federal jurisdiction only if it appears to "a legal certainty" that the claim is really for less than the jurisdictional amount. *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994); *Kopp*, 280 F.3d at 885; *see also Schubert*, 649 F.3d at 822-23.

23.      Plaintiff's Petition asks the Court to enter judgment against Defendants "in an amount that will reasonably compensate Plaintiff for the damages sustained by her, together with interest as provided by law and the cost of this action. *Damages shall include damages for lost wages and benefits, emotional distress and mental anguish, compensatory relief, punitive damages*, court [costs], with interest as provided by law, and such other relief as the Court deems just as equitable." *See* Petition, "WHEREFORE" clause after ¶ 22 (emphasis added).

24.    Plaintiff pleads that her employment with ADM ended on March 21, 2021. Petition, ¶¶ 8. As of March 21, 2021, Plaintiff earned $932.00 per week. *See* Exhibit B, Cochran Decl., ¶ 6. Accordingly, Plaintiff's alleged lost wages at the time of removal are approximately $111,840.00.[1]

25.    Awards for emotional distress in other cases alleging wrongful termination in violation of public policy can be significant. *See Oyler v. Laxmee Inc.,* 2015 WL 13547872 (Iowa Dist. Ct. Aug. 28, 2015) (awarding one plaintiff $600,000 for pain and suffering, and another $500,000 in pain and suffering, on wrongful discharge in violation of public policy claims); *Thramer v. Ankeny Community School District*, 2015 WL 3745159 (Iowa Dist. May 28, 2015) (awarding $125,000 for pain and suffering on wrongful discharge in violation of public policy claim); *Mowery v. City of Carter Lake*, 2019 WL 5535599 (Iowa Dist. Sept. 20, 2019) (awarding $100,000 for pain and suffering on retaliatory discharge in violation of public policy claim).

26.    Courts also consider a plaintiff's claim for punitive damages in determining the amount in controversy. *See Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097 (S.D. Iowa 2010). Awards for punitive damages in wrongful discharge in violation of public policy claims can be significant. *See Johnson v. Lamco Ltd.*, 2012 WL 7634150 (Iowa Dist. Ct. Sept. 14, 2012) (awarding $150,000 in punitive damages on wrongful discharge in violation of public policy claim); *Oyler v. Laxmee Inc.,* 2015 WL 13547872 (Iowa Dist. Ct. Aug. 28, 2015) (awarding one plaintiff $100,000 in punitive damages on wrongful discharge in violation of public policy claim); *Dorshkind v. Oak Park Place of Dubuque II*, 2011 WL 7121562 (Iowa Dist. Court Nov. 22, 2011) (awarding $178,000 in punitive damages on wrongful discharge in violation of public policy claim).

---

[1]Calculating 120 weeks between March 21, 2021 and July 10, 2023 ($932 * 120 weeks = $111,840).

27.     Although Defendants deny they engaged in wrongful conduct and deny Plaintiff is entitled to any of the relief she seeks, it is clear from the combination of Plaintiff's potential claims for lost wages, compensatory damages, punitive damages, and attorneys' fees, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

28.     In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Iowa District Court for Lee County, Iowa, and will simultaneously provide written notice of the filing of this Notice of Removal to counsel for Plaintiff as reflected by the Certificate of Service.

29.     Defendants reserve any and all defenses to the claims alleged by Plaintiff.

## IV.     CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendants remove this action to this Court from the Iowa District Court for Lee County, and requests that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

*/s/ Robert A. Sheffield*
Robert A. Sheffield, AT0013200
Direct: 816.627.4432
E-Fax: 816.817.1622
rsheffield@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO  64106

ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2023, the above and foregoing was filed using the Court's

CM/ECF system, which sent notice of same to the following counsel of record:

Stuart L. Higgins
HIGGINS LAW FIRM, P.L.L.C.
701 13th Street, Suite 1
West Des Moines, IA  50265
Stuart@higginslawiowa.com

ATTORNEYS FOR DEFENDANT


*/s/ Robert A. Sheffield*
Attorney for Defendants