IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **AMY KELLY, an individual,**<br>Plaintiff.<br><br>vs.<br><br>**ADM MILLING CO, a foreign corporation, ARCHER-DANIELS-MIDLAND COMPANY, a foreign corporation,**<br>Defendants. | CASE NO. 3:23-cv-00045-SHL-SBJ<br><br>PLAINTIFF'S FIRST AMENDED PETITION AT LAW AND JURY DEMAND |

COMES NOW the Plaintiff, as above captioned, and in support of her cause of action against the above-named Defendants states as follows:

## JURISDICTIONAL FACTS

1. That Plaintiff, Amy Kelly, is an individual who at all material times hereto resided in Lee County, Iowa.

2. That Defendant ADM MILLING CO is a Delaware corporation that operates a wheat starch and gluten facility in Lee County, Iowa.

3. That Defendant ADM MILLING CO employed Plaintiff at its wheat starch and gluten facility in Lee County, Iowa.

4. That Defendant ARCHER-DANIELS-MIDLAND COMPANY is a Delaware corporation that operates a wheat starch and gluten facility in Lee County, Iowa.

5. That Defendant ARCHER-DANIELS-MIDLAND COMPANY employed Plaintiff at its wheat starch and gluten facility in Lee County, Iowa.

1

6. Defendants ADM MILLING CO AND ARCHER-DANIELS-MIDLAND COMPANY are herein referred to as "the Company."

7. That this suit arises out of the wrongful termination of Plaintiff by Defendants on or about March 24, 2021.

8. That the amount in controversy exceeds the threshold requirements for small claims court.

## FACTUAL ALLEGATIONS

9. Beginning on or about October 6, 2014, Plaintiff worked full-time for Defendants.

10. As an employee of Defendants, Plaintiff complained internally about what she reasonably believed to be violations of State and Federal laws and regulations governing food safety.

11. More specifically, on multiple occasions, Plaintiff complained that Company's food processing facility was unsanitary, and that Company was selling untested food product and/or food product that had tested positive for Escherichia coli (E. coli), salmonella, and listeria monocytogenes in violation of Iowa Code Chapter 137F and Iowa Administrative Code R. 481-31.2(137F) – 481-31.4(137F).

12. Additionally, as an employee of Defendants, Plaintiff complained internally about what she reasonably believed to be fraudulent practices including the Company's use of a certification of analysis on products that the Company had not independently tested in violation of Iowa Code Chapter 137F, Iowa Administrative Code R. 481-31.2(137F) – 481-31.4(137F), and Iowa Code Chapter 714.8.

13. On or about March 22, 2021, as an employee of Defendants, Plaintiff filed a formal complaint against the Company with the federal Food and Drug Administration (FDA).

14. On or about March 24, 2021, Plaintiff participated in a teleconference that included department heads and regional managers. During that teleconference, Plaintiff led the quality topic discussion.

15. During the March 24, 2021, teleconference, Plaintiff complained the Company had not followed food safety policies. She complained that the Company had likely distributed contaminated food product and that it would likely happen again if changes were not made.

16. During the March 24, 2021, teleconference Plaintiff complained that the Defendants had distributed contaminated food product.

17. During the March 24, 2021, teleconference, Plaintiff asked, "would any of you feed this [food product] to your family, your kids?"

18. In response to Plaintiff's comments on the teleconference, she was muted.

19. On March 24, 2021, immediately after the teleconference, Plaintiff told the Company's Food Safety Manager, Joe Clarke, that she was going to file a complaint with the FDA.

20. In response to that statement, Clarke encouraged Plaintiff to step outside to get some fresh air.

21. When Plaintiff stepped back inside the facility, she told the Company's Plant Manager, Brian Cochran, that she was going to file a complaint with the FDA.

22. In response, Cochran told Plaintiff that she needed to leave the facility and that she was not permitted to return to the facility.

23. Later that day (3/24/2021), Defendants terminated Plaintiff's employment on that date.

24. Defendant asserted that Plaintiff's employment was terminated because she was insubordinate.

25. The stated reason for the termination was merely a pretext for the real reason Plaintiff was terminated.

26. Plaintiff's employment was terminated shortly after she openly complained to her employer that the Company was violating food safety laws and putting the public at risk.

27. Plaintiff's employment was terminated shortly after she informed Joe Clarke and Brian Cochran that she was going to file a complaint against the Company with the FDA.

28. Plaintiff's employment was terminated despite the fact that she was not insubordinate.

29. What Defendants referred to as "insubordination" by Plaintiff was instead referring to Plaintiff's consistent act of opposing decisions made by the Company that violated food safety laws (described above) and put the health of the public at risk.

30. Plaintiff was terminated because she complained about what she reasonably believed to be illegal practices being perpetrated by Defendants including

violations of Iowa Code Chapter 137F, Iowa Administrative Code R. 481-31.2(137F) – 481-31.4(137F), and Iowa Code Chapter 714.8.

### **COUNT 1: WRONGFUL DISCHARGE IN VIOLATION PUBLIC POLICY**

COMES NOW the Plaintiff and in support of her cause of action against Defendants states as follows:

31. Plaintiff re-pleads paragraphs 1 through 30 as if fully set forth herein.

32. That Defendants terminated Plaintiff's employment in violation of the public policy of the State of Iowa.

33. That, as a proximate cause of the unlawful conduct of Defendants, Plaintiff has sustained damages.

34. That as a direct result of the unlawful conduct of the Defendants, Plaintiff has been irreparably damaged and hereby makes claim for the following harms and losses:

    a. Back pay/ lost wages

    b. Front pay

    c. Emotional distress

    d. Any other element of loss recoverable under Iowa law as the result of the above-described tortious conduct but not specifically set forth herein.

35. Furthermore, Defendants acted with malice and/or reckless indifference for Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages.

WHEREFORE the Plaintiff hereby demands judgment against the Defendants in an amount that will reasonably compensate Plaintiff for the damages sustained by her,

together with interest as provided by law and the cost of this action. Damages shall include damages for lost wages and benefits, emotional distress and mental anguish, compensatory relief, punitive damages, court courts, with interest as provided by law, and such other relief as the Court deems just and equitable.

## JURY DEMAND

36. Plaintiff hereby requests trial by jury in this matter.

                              Respectfully submitted,

                              HIGGINS LAW FIRM, P.L.L.C.

                        By: /s/ Stuart L. Higgins
                              Stuart L. Higgins, AT0010945
                              701 13th Street, Suite 1
                              West Des Moines, Iowa 50265
                              Telephone:   (515) 619-9148
                              Facsimile:     (515) 777-1127
                              Email: Stuart@higginslawiowa.com

                              ATTORNEY FOR PLAINTIFF

Original Filed.

## PROOF OF SERVICE

I hereby certify that on September 12, 2023, the foregoing instrument was served upon all parties to the above cause by service to each of the attorneys of record herein at their respective addresses disclosed on the pleadings via the Court's electronic filing system:

    Robert A. Sheffield, AT0013200
    LITTLER MENDELSON, P.C.
    1201 Walnut Street, Suite 1450
    Kansas City, MO 64106
    rsheffield@littler.com

    ATTORNEY FOR DEFENDANTS

                                        /s/ Stuart L. Higgins